**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:23-cv-60599-RS**

VITAL PHARMACEUTICALS, INC., and JHO
INTELLECTUAL PROPERTY HOLDINGS, LLC,

    Plaintiffs,                                                Bankr. Adv. Pro. No 23-01031 (PDR)

v.

ORANGE BANG, INC., and MONSTER ENERGY
COMPANY,

    Defendants.
_____/

**EMERGENCY JOINT MOTION OF MONSTER ENERGY COMPANY AND ORANGE BANG, INC. FOR STAY OF BANKRUPTCY COURT PROCEEDING OR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT PENDING DECISION ON MOTION TO WITHDRAW REFERENCE AND TRANSFER**
**Emergency Relief Requested[1]**

**Request for Emergency Relief Per Local Rule 7.1(d)**

**Movants request an emergency relief on this Motion prior to March 29, 2023 at 10:00 a.m.  This Motion is presented in this Court, and an emergency relief requested, because although this Court will hear Movants' motion to withdraw the reference and transfer this action to the Central District of California, the Bankruptcy Court has declined to stay or continue its March 29, 2023, 10:00 a.m. hearing on Plaintiffs' Motion for Summary Judgment.  Movants respectfully submit that the proper venue for the matter must be adjudicated before any dispositive motions are taken under advisement.  The proponents of this Motion have made a bona fide effort to resolve the matter without hearing, and Plaintiffs oppose the relief requested.**

---

[1] Pursuant to S.D. Fla. Local Rule 7.1(a)(2), a proposed order is attached and will be served and submitted via e-mail to the Court.

1

69508294;1

Monster Energy Company ("Monster") and Orange Bang, Inc. ("Orange Bang" and together with Monster, "Defendants"), defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") commenced by chapter 11 debtors Vital Pharmaceuticals, Inc., and JHO Intellectual Property Holdings, LLC ("Plaintiffs") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court'), hereby move this Court for entry of an order staying proceedings herein pending a decision by this Court on Defendants' motion to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court, and transfer the Adversary Proceeding to the Central District of California (the "Motion to Withdraw Reference and Transfer").[2]  A form of proposed order is attached hereto as **Exhibit A**.

The Motion is brought pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), under which district judges may stay proceedings pending disposition of a motion to withdraw the reference "on such terms and conditions as the judge deems proper."  Here, a stay is proper so that this Court may determine in which court this action belongs before the Bankruptcy Court rules on Plaintiffs' *Motion for Summary Judgment* [Adv. D.I. 2] (the "SJ Motion"), which is scheduled to be heard on March 29, 2023.  As provided in Bankruptcy Rule 5011(c), the relief requested herein was sought first from the Bankruptcy Court, which denied such relief on March 23, 2023.  [Adv. D. I. 48].

The *Debtors' Adversary Complaint for Declaratory Judgment*, filed February 17, 2023 [Adv. D.I. 1] (the "Complaint"), relates to a judgment (the "Judgment") entered by a federal district court (the "California District Court") adopting a 177-page arbitration award (the "Award").  After years of fact-intensive trademark litigation in judicial and arbitration proceedings, the Arbitrator

---

[2] *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28 U.S.C. §§ 157(D) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California*, filed March 7, 2023 (D.I. 17).

ruled in Defendants' favor on all claims, awarding in part $175 million in damages for Plaintiffs' infringement of Defendants' valuable trademarks. By their Complaint, Plaintiffs seek to perpetuate their years of wrongful conduct by turning a remedial licensing provision in the Judgment and Award into an asset to sell in their bankruptcy case.

Defendants' Motion to Withdraw Reference and Transfer posits that (i) withdrawal of the reference is *mandatory* under 28 U.S.C. § 157(d) because the proceedings will involve substantial and material consideration of non-bankruptcy federal law (specifically, the Lanham Act) as well as bankruptcy law, (ii) even if not mandatory, the reference should be withdrawn for cause, including the California District Court's inherent jurisdiction to interpret and enforce its own Judgment, and (iii) the California District Court is indisputably best suited to apply that non-bankruptcy law to the painstakingly litigated facts and carefully formulated remedies in the Judgment and Award, and to decide those issues as expeditiously and economically as possible.

In an effort to obtain a ruling on the merits in what Defendants respectfully submit is an inappropriate venue for this proceeding, Plaintiffs filed the SJ Motion concurrently with their Complaint and noticed a hearing for March 29, 2023 at 10:00 a.m. **Because a dispositive motion should be considered by the court in which venue is proper, and because it is this Court, and not the Bankruptcy Court, that must determine which venue is proper, Defendants request that this motion be considered on an emergency basis, and that proceedings be stayed until this Court rules upon the Motion to Withdraw Reference and Transfer.**

In support of this Motion, Defendants respectfully state as follows:

### PRELIMINARY STATEMENT

In this Adversary Proceeding, Plaintiffs ask the Bankruptcy Court to adjudicate that they may transfer to a third party their rights and obligations under a remedial provision of the Judgment and Award, specifically, a license under which Plaintiffs pay royalties to avoid imposition of a

3

69508294;1

permanent injunction.  Plaintiffs seek to recharacterize what the Award expressly terms a "license" as something other than a license in order to circumvent trademark law's restriction on transfers without the licensor's consent, and so obtain a monetary benefit from an adverse Judgment ending years of wrongful infringement by Plaintiffs.

Because Plaintiffs' claims would require the Bankruptcy Court to usurp the California District Court's authority over its own judgment—as well as resolve numerous, dispositive issues of federal trademark law—Defendants filed a motion requesting that this Court (i) withdraw the reference of the Adversary Proceeding to the Bankruptcy Court, and (ii) transfer the Adversary Proceeding to the California District Court.  Pending its resolution, Defendants requested that the Bankruptcy Court stay the Adversary Proceeding or, at minimum, continue the hearing on the SJ Motion.  The motion was heard on March 22, 2023.  The Bankruptcy Court took the matter under advisement and issued a ruling on March 23, 2023 denying a stay.  The transcript stands as the order of the Bankruptcy Court, but is not yet available; Defendants will summarize the bases of the ruling in the pertinent sections below.

As explained in the Motion to Withdraw Reference and Transfer, the Debtors' Adversary Complaint requires consideration of substantial and material issues of both title 11 and non-bankruptcy federal law affecting interstate commerce, thereby *requiring* withdrawal of the reference under 28 U.S.C. § 157(d).  Those issues include:

- Whether the Judgment and Award create a trademark license.  SJ Motion, ¶¶ 21, 66.

- Whether the Judgment, Award, and federal trademark law "prohibit[] Plaintiffs from transferring their rights [to use the Bang mark]."  *Id.* ¶ 62.

- Whether a judicially-imposed compulsory trademark license can be transferred or assigned under federal trademark law.  *Id.* ¶¶ 66-69.

- Whether "the general policy reasons for prohibiting non-consensual assignment of trademark licenses" apply here.  *Id.* ¶¶ 74-77.

- Whether Plaintiffs' rights under the Judgment and Award are property of the bankruptcy estate that may be sold under section 363 of the Bankruptcy Code or assigned without Defendants' consent under section 365 of the Bankruptcy Code. *Id.* ¶¶ 3, 41.

Defendants respectfully submit that, in these circumstances, the Court should withdraw the reference of the Adversary Proceeding and transfer the proceeding to the California District Court. *See, e.g.*, *Eli Global, LLC v. Univ. Directories, LLC*, 532 B.R. 249, 252-53 (M.D.N.C. 2015) ("The resolution of Defendant Debtors' trademark infringement claim will require significant consideration of non-Title 11 federal law."); *In re McCrory Corp.*, 160 B.R. 502, 505-07 (S.D.N.Y. 1993) (finding both mandatory and discretionary withdrawal appropriate because "it would be economically and administratively prudent for a district judge, experienced in trademark law, rather than a bankruptcy judge to handle these matters"; transferring the proceedings to another district court).

A stay pending resolution of the Motion to Withdraw Reference and Transfer is proper, reasonable and limited. Plaintiffs contend they will be substantially harmed by delaying their sale process in the Bankruptcy Court, because potential bidders will not know whether they can obtain Plaintiffs' rights under the Judgment in a sale. But any delay occasioned by the stay will be brief—only as long as it take for this Court to decide the Motion to Withdraw Reference and Transfer—and any bid can be fashioned to address the contingency. Indeed, *Plaintiffs will soon have accepted a stalking horse bid that does just that.* Furthermore, any harm is self-inflicted: *the Adversary Proceeding was commenced over four months after the bankruptcy filing even though all relevant facts were known at the time of filing and nothing has changed.* Plaintiffs filed their bankruptcy case on October 10, 2022 knowing that Defendants would object to a transfer without their consent, yet waited until February 17, 2023 to file the Complaint. Regardless, withdrawal of the reference

is *mandatory*, and simply as a matter of jurisprudence, the merits of this (or any) case should be decided by the court where venue is proper, which this Court will decide.

Defendants have no interest in delay, and have already acted to minimize it. Notwithstanding their filing of the Motion to Withdraw Reference and Transfer, Defendants prepared and filed their opposition to the SJ Motion, the briefing on which will be completed on March 24, 2023 upon the filing of Plaintiffs' Reply. Thus, the SJ Motion will be fully briefed for whichever court receives it. It should not be assumed it will take significantly longer for the California District Court to decide than the Bankruptcy Court will expend if it is required to stand in for the California District Court and parse the complicated dispute that Plaintiffs are attempting to place before it.

## LEGAL STANDARD

The legal predicate for the relief sought herein is Bankruptcy Rule 5011(c), under which district judges may grant such relief pending disposition of a motion to withdraw the reference "on such terms and conditions as the judge deems proper."

## BACKGROUND

The facts are set forth in detail in the Motion to Withdraw Reference and Transfer, attached hereto and incorporated herein, which are in turn drawn largely from the Complaint, the SJ Motion, and the *Declaration of Elizabeth A. Morris in Support of Debtors' Motion for Summary Judgment and Incorporated Memorandum of Law* [Adv. D.I. 3].

Before Plaintiffs instituted the Chapter 11 bankruptcy proceedings on October 10, 2022, Defendants brought an arbitration against them for infringing Orange Bang's "Bang" trademarks and breaching a prior settlement agreement concerning those marks. Defendants prevailed on all claims and the Arbitrator issued a 177-page award (the "Award"), which allows Plaintiffs to use the "Bang" word mark (the "Bang Mark"), as long as they pay a "5% continuing royalty."

6

Plaintiffs may choose to stop paying the royalty, at which time the permanent injunction prohibiting them from using the Bang Mark would automatically take effect.  Following issuance of the Award, the California District Court confirmed the Award and entered the Judgment.

Although Plaintiffs filed the bankruptcy case with the intention of selling their assets, and knew from the start that Defendants would object to any attempt to transfer any right to use the Bang Mark without their consent, Plaintiffs waited until February 17, 2023 to file their Complaint.  It seeks a declaration from the Bankruptcy Court that they may transfer their rights and obligations under the Judgment without Defendants' consent.  Although Plaintiffs do not (and cannot) dispute that "trademark licenses are not assignable in the absence of express authorization from the licensor," *In re Ajranc Ins. Agency, Inc.*, 2021 WL 2774937, at *2 (Bankr. M.D. Fla. July 2, 2021), they claim that the Judgment and Award did not actually create a "trademark license."  SJ Motion, ¶¶ 66-77, despite the Award unequivocally stating that the remedy is a "compulsory license."  Plaintiffs make a variety of contentions—all based in federal trademark law—to support their claim.  *Id*.

Defendants promptly filed their Motion to Withdraw Reference and Transfer.  Plaintiffs' own pleadings make the case that: (i) the Adversary Proceeding requires substantial consideration of complex issues of both title 11 and trademark law, thereby triggering mandatory withdrawal of the reference under 28 U.S.C. § 157(d); (ii) cause exists for permissive withdrawal of the reference, inasmuch as the pleadings lay bare that the Adversary Proceeding will require interpretation of the Judgment and Award issued by the California District Court; and (iii) once withdrawn, venue should be transferred to the Central District of California under 28 U.S.C. § 1412 "in the interests of justice or for the convenience of the parties," since the California District Court that digested

and put its imprimatur on the 177-page Arbitration Award should be the court to resolve the issues raised in the Adversary Proceeding.

Defendants moved the Bankruptcy Court for a stay pending decision on the Motion to Withdraw Reference and Transfer, as directed by Bankruptcy Rule 5011(c). The motion was heard on March 22, 2023, taken under advisement, and denied from the bench at a hearing the following day. The bases of that decision are summarized in the context of the relevant factors, as discussed below.

## ARGUMENT

Bankruptcy Rule 5011 provides that while a motion for withdrawal of a case or proceeding does not stay the administration of the case or proceeding, a stay pending disposition of the motion may be requested, ordinarily first from the bankruptcy judge, and if such relief is not obtained from the bankruptcy judge, then from the district judge, who may grant such relief "on such terms and conditions as the judge deems proper." Bankruptcy Rule 5011(c). As explained by the District Court for the Southern District of Florida,

> "The substance of the [m]otion for a stay pending decision on a motion for withdrawal of reference follows the same standards as any motion for stay. A movant must demonstrate: (i) the likelihood of prevailing on the merits, *i.e.*, that the pending motion will be granted; (ii) that movant will suffer irreparable harm if the stay is denied; (iii) that the other party will not be substantially harmed by the stay; and (iv) that the public interest will be served by granting the stay." *Sec. & Exch. Comm'n v. Pension Fund of Am., L.C.*, No. 05-20863-CIV, 2005 U.S. Dist. LEXIS 51405, 2005 WL 8156247, at *2 (S.D. Fla. Nov. 7, 2005).

*NBV Loan Acquisition LLC v. Lexi Dev. Co.*, 2019 U.S. Dist. LEXIS 9139, at *3 (S.D. Fla. Jan. 18, 2019); *see also, e.g., Block v. Lago*, 2021 U.S. Dist. LEXIS 116582, at *4-5 (S.D. Fla. Feb. 5, 2021) (same four factors, citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). "The factors need not be given equal weight or applied rigidly, but rather should be used as guides for the Court to make an individualized judgment in each case." *Pinewood Enters., L.C. v. Williams*

8

*(In re Living Hope Southwest Med. Servs., LLC)*, 2012 U.S. Dist. LEXIS 3335, at *10-11, *26-27 (W.D. Ark. Jan. 11, 2012). *Accord Interim Healthcare, Inc. v. Interim Healthcare of Se. La., Inc.*, 2020 U.S. Dist. LEXIS 101841, at *24 (S.D. Fla. June 10, 2020) ("A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984).

The relevant factors strongly weigh in support of the stay requested here.

***Likelihood of Prevailing on the Motion to Withdraw Reference and Transfer:*** Defendants respectfully submit that their likelihood of prevailing on the Motion to Withdraw the Reference and Transfer is high. Withdrawal of the reference is required where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The proceeding must involve a "substantial and material question of both title 11 and non-bankruptcy code federal law." *In re Astro Tel, Inc.*, 2011 WL 4551571, at *2 (M.D. Fla. Sept. 30, 2011). Even if not mandatory, it may still be ordered "for cause." *See* 28 U.S.C. § 157(d).

It is virtually indisputable that the Adversary Proceeding involves substantial and material questions of trademark and bankruptcy law, and would require the Bankruptcy Court to rule on matters litigated in and decided in the California proceedings. Among many other issues, it involves whether the remedy cannot be a license (as Plaintiffs' claim despite the Award's express use of that term) because it would be a "naked license" due to the alleged lack of quality control rights, whether "licensee estoppel" applies, and the policy reasons behind the rule of non-assignability, all of which (a) involve very substantial issues of trademark law, and (b) would

9

69508294;1

immerse this Court deep into the facts and remedies arduously litigated and formulated in the California litigation.

Numerous courts have found that suits involving trademark, licensing and other intellectual property legal issues satisfy the requirements for mandatory withdrawal of the reference. *See, e.g., In re McCrory Corp.*, 160 B.R. 502, 505 (S.D.N.Y. 1993) (finding mandatory and discretionary withdrawal appropriate because "it would be economically and administratively prudent for a district judge, experienced in trademark law, rather than a bankruptcy judge to handle these matters"; transferring adversary proceeding from New York to the court in Central District of California handling a preexisting trademark suit); *In re National Gypsum Co.*, 145 B.R. 539, 542 (N.D. Tex. 1992) (ordering mandatory withdrawal of reference of proof of claim / objection filings involving, *inter alia*, patent legal issues that would entail material and substantial consideration of non-bankruptcy federal law); *In re Singer Co., N.V.*, 2002 U.S. Dist. LEXIS 17069, at *8-9 (S.D.N.Y. Feb. 20, 2002) (holding that "whether an accused product infringes a patent requires significant and material consideration of patent law" and thus withdrawal of reference was mandatory; stating, "All of the complaint's related bankruptcy law issues that follow depend upon whether a court finds that the Singer plaintiffs indeed have a property interest in the 330 patent. Thus, the patent law issues are central to the complaint."); *Eli Global, LLC v. Univ. Directories, LLC*, 532 B.R. 249 (M.D. N.C. 2015) ("The resolution of Defendant Debtors' trademark infringement claim will require significant consideration of non-Title 11 federal law, satisfying § 157(d). [footnote omitted] If left with the bankruptcy court, the complaint's trademark infringement claim will require that court to determine the validity and scope of alleged marks under the Lanham Act . . . . Resolution of this claim will thus require significant consideration, interpretation, and application of the Lanham Act." (numerous citations omitted)); *In re Electro-*

*Mechanical Indus.*, 2008 Bankr. LEXIS 5177, at *9 (Bankr. S.D. Tex. Feb. 20, 2008) (determination of a patent's validity and infringement falls under mandatory withdrawal provision of section 157(d); "This is not simply a straightforward application of federal law to the facts. The validity of the patent is disputed as a matter of law.").

Plaintiffs cast this relief as unlikely only by referring to the remedy not as a "license" (as it is referred to in the Award), but as the "Continuing Fee Election," a "fee regime" or a "continuing fee," phrases that appear nowhere in the actual Award. Plaintiffs also frame the issues in a manner that assumes their desired conclusion, claiming for instance that res judicata eliminates the need to consider trademark law because any purchaser will be in privity with Plaintiffs. But Plaintiffs' argument assumes the conclusion that that the license may be validly assigned in the first instance. If the license may not be validly assigned, then privity does not attach. Regardless, all of these issues require substantial and material consideration of non-bankruptcy law.

Once the reference is withdrawn, the likelihood is also high that the Court will transfer the Adversary Proceeding to the California District Court under 28 U.S.C. § 1412. As the court that issued the Judgment, the California District Court is where this Adversary Proceeding belongs. The factors of judicial economy and expedition, uniformity of judicial findings and judgments, and prevention of forum shopping by the Debtors each strongly favor transfer of the Adversary Proceeding.

The Bankruptcy Court ruled that Defendants were unlikely to prevail on the merits on the issue of withdrawal of the reference. In summary, it ruled that its decision on the merits of the SJ Motion was not likely to involve substantial and material consideration of trademark law, because: (a) it appeared clear that the trademark license created by the Judgment and Award is, as expressly termed therein, a "license"; (b) the default rule under the Lanham Act is that trademark licenses

are non-assignable without the consent of the licensor; (c) the policy considerations underlying that default rule are clear or are not trademark law issues, per se, including considerations concerning quality control restrictions or lack thereof; and (d) therefore, in the view of the Bankruptcy Court, the only issues requiring substantial and material consideration were bankruptcy-related issues concerning whether that default rule could be trumped by bankruptcy policy considerations.

Defendants submit that the ruling on this issue was erroneous. While they obviously appreciate the tentative ruling that the Judgment and Award created a license, any balancing of bankruptcy versus trademark policies by its nature involves substantial and material consideration of both bankruptcy and non-bankruptcy federal law.

***Irreparable Harm to Defendants:*** Defendants stand to suffer irreparable harm if a stay is denied, as it would permit the Debtors, after years of wrongful trademark infringement, to forum-shop away from the court that entered the Judgment, which assessed damages of $175 million and awarded permanent injunctive relief. Congress created a right to seek mandatory withdrawal of the reference on conditions that Defendants contend colorably (at bare minimum) exist here. Congress directed that such motions be filed in this Court. Defendants will be stripped of that right, and this Court's authority effectively overridden, if the Bankruptcy Court rules on the SJ Motion before the Motion to Withdraw and Transfer is heard and decided. The harm to Defendants was completely avoidable: Plaintiffs knew exactly what relief was needed and what grounds existed to seek it on the date they filed their bankruptcy petition, but waited over four months to file the Complaint. Only modest relief is needed to avoid the loss of that right, and "several courts have held that absence of justification for violation of clear statutory rights virtually eliminates the

necessity of showing irreparable harm." *Time Warner Cable v. Freedom Elecs*., 897 F. Supp. 1454, 1460 (S.D. Fla. 1995).

The Bankruptcy Court ruled that Defendants had not demonstrated irreparable harm because, in essence, they retained the procedural right to seek a stay from this Court.  Under that rationale, however, this prong takes on an even greater importance in this Court since, unlike in the Bankruptcy Court, there is no immediate, effective recourse to another court.

*No Substantial Harm to Plaintiffs:*  Staying this action for the short time it will take for this Court to decide where venue is proper cannot possibly harm Plaintiffs substantially.  Plaintiffs claim they will be substantially harmed if they are unable to gain certainty as expeditiously as possible on whether the trademark license rights are transferable.  But this argument is contrived.  Under their existing sale schedule, Plaintiffs have until March 24, 2023 to identify a stalking horse bidder.  The hearing on the SJ Motion is presently set for March 29, 2023, meaning that the stalking horse bid will necessarily be formulated in a state of uncertainty over the transferability of the trademark license rights.  Other bidders can do likewise, and may not need to do so, since the final bid deadline is not until April 24, 2023, by which time this Court should have ruled on the Motion to Withdraw Reference and Transfer.

Furthermore, the supposed timing dilemma is self-created.  Plaintiffs have long-known that Defendants would object to sale terms under which the license could be transferred without their consent.  Nonetheless, they agreed to sale deadlines in their debtor-in-possession financing that would (they hoped) preclude recourse to the California District Court, *and* waited until late in the sale process to commence the Adversary Proceeding.  Those deadlines, however, are artificial, and there is no reason they cannot be extended to permit the proper court to resolve this dispute.  Finally, withdrawal of the reference is *mandatory*, and simply as a matter of jurisprudence, the

69508294;1

merits of this (or any) case should be decided by the court in which venue is proper, and that decision is presently before this Court.

The Bankruptcy Court ruled that Plaintiffs would be substantially harmed by a stay, by virtue of its effect on the sale process, because bidders require a ruling on the SJ Motion to gain certainty as to the assets they are purchasing. Defendants respectfully submit that the Bankruptcy Court was taking into account delay that might result if the Motion to Withdraw Reference and Transfer is *granted*, as opposed to any delay from a stay that simply permits it to be decided before the SJ Motion is *decided*. Only the latter delay is relevant, and it will last only so long as is required for this Court to rule upon a motion that will be fully briefed when this stay motion is heard.

*A Stay Serves the Public Interest:* Finally, staying the case will serve the public interest because it will deter piecemeal litigation, prevent inconsistent rulings, and conserve judicial resources. *See HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *1-2 (W.D.N.Y. Jan. 30, 2007) ("[J]udicial economy and the public interest will be served by granting the stay since the issues surrounding this action may be significantly narrowed as a result of the conclusion of the [out-of-district] litigation," which "is in its final stages.").

Plaintiffs contend that the public interest will not be served by a stay because it will engender litigation over venue and litigation in another forum. But these are rights created by Congress for what Defendants contend is precisely this situation. It is in the public interest that a district court that enters a judgment in complex litigation not have its authority over the interpretation and application of that judgment usurped by a bankruptcy court's grant of declaratory relief on a summary basis even before a decision on venue is made by the district court with authority to make that decision.

69508294;1

What Plaintiffs are advocating is that this Court deprive Defendants of the ability to exercise those rights by allowing the Bankruptcy Court to rule on a dispositive motion filed concurrent with the Complaint in a proceeding that may not properly be before it. Such chicanery cannot be said to be in the public interest. And the California District Court is not a distant court unfamiliar with the issues, but the court that compelled the parties to arbitration, confirmed the Award and entered Judgment. It is the court that is indisputably most familiar with the dispute between the parties, the Award, and the Judgment.

The Bankruptcy Court ruled that the public interest is best served by denying the stay, because it was in the interests of the bankruptcy estate and its creditors to preserve the timeline for the bankruptcy sale process, because Plaintiffs were not forum-shopping by seeking to have it heard by the Bankruptcy Court rather than the California District Court, and because retaining the dispute would avoid piecemeal litigation. Defendants respectfully submit that conclusion is erroneous, and effectively places bankruptcy priorities above due process rights.

## S.D. FLA. LOCAL RULE 7.1(a)(3) CERTIFICATION

Movants have conferred with both the Debtors in a good faith effort to consensually resolve the issues raised in the motion. However, as of the date of this motion, the Debtors have advised the Movants that they oppose the relief requested by Movants. Accordingly, Movants seek that this Court adjudicate the relief requested in this Motion on an emergency basis for the reasons cited herein.

**WHEREFORE**, Monster Energy Company and Orange Bang, Inc. respectfully request that the Court enter an Order: (i) staying the Adversary Proceeding until final adjudication of the *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28 U.S.C. §§ 157(d) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and*

*Transferring Venue of Adversary Proceeding to Central District of California*, and (ii) granting all other and further relief as the Court may deem just and proper.

### S. D. FLA. LOCAL RULE 7.1(d)(1) CERTIFICATION

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated: March 28, 2023                                    **AKERMAN LLP**

*/s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.
Florida Bar No. 886602
Eyal Berger, Esq.
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700 /F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**[3]
Richard M. Pachulski (pro hac vice)
Ira D. Kharasch (pro hac vice)
Robert J. Feinstein (pro hac vice)
Teddy M. Kapur (pro hac vice)
Steven W. Golden (pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

---

[3] Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders in the main bankruptcy case and will file separate applications for pro hac vice admission under this Court's local rules. See Bankruptcy Case No. 22-17842-PDR: (i) Teddy M. Kapur, October 14, 2022 [ECF No. 103]; (ii) Robert J. Feinstein, October 17, 2022 [ECF No. 133]; (iii) Steven Golden, October 17, 2022 [ECF No. 134]; (iv) Richard M. Pachulski, October 18, 2022 [ECF No. 158] ; and (v) Ira D. Kharasch, October 18, 2022 [ECF No. 159].

69508294;1

T: (310) 277-6910 /F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

*AND*

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992
P.O. Box 1545
Ft. Lauderdale, FL 33302
T: (407) 810-2458
steven.fender@fender-law.com

-and-

**KTBS LAW LLP[4]**
Thomas E. Patterson, Esq. (pro hac vice)
Nir Maoz (pro hac vice)
1801 Century Park East
Twenty Sixth Floor
Los Angeles, CA 90067
T: (310) 407-4000
F: (310) 407-9090
tpatterson@ktbslaw.com
nmaoz@ktbslaw.com

*Counsel to Orange Bang, Inc.*

---

[4] G. Steven Fender hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders in the main bankruptcy case and will file separate applications for pro hac vice admission under this Court's local rules.  *See* Bankruptcy Case No. 22-17842-PDR, dated as follows: (i) Thomas E. Patterson, November 8, 2022 [ECF No. 269]; (ii) Nir Maoz, November 8, 2022 [ECF No. 270].

17

69508294;1

# **EXHIBIT A**

## **PROPOSED ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

VITAL PHARMACEUTICALS, INC., and JHO
INTELLECTUAL PROPERTY HOLDINGS, LLC,

 Plaintiffs,            Bankr. Adv. Pro. No 23-01031 (PDR)

v.

ORANGE BANG, INC., and MONSTER ENERGY
COMPANY,

 Defendants.
_____/

**ORDER GRANTING EMERGENCY JOINT MOTION OF MONSTER ENERGY COMPANY AND ORANGE BANG, INC. FOR STAY OF ADVERSARY PROCEEDING OR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT PENDING DECISION ON MOTION TO WITHDRAW REFERENCE AND TRANSFER**

   THIS MATTER came before the Court on the *Emergency Joint Motion of Monster Energy Company and Orange Bang, Inc. for Stay of Adversary Proceeding or Continuance of Hearing on Motion for Summary Judgment Pending Decision on Motion to Withdraw Reference and Transfer* (ECF No. ___) (the "Motion"). The Court, having reviewed the Motion and the related *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28 U.S.C. §§ 157(d) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California* (ECF No. ___) (the "Motion to Withdraw Reference and Transfer"), having heard argument of the parties, and being otherwise fully advised in the premises, does hereby **ORDER** that:

   1.  The Motion is **GRANTED**.

69508294;1

2

2. This adversary proceeding is **STAYED** pending the final adjudication of the Motion to Withdraw Reference and Transfer.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this ___ day of March, 2023.

_____
UNITED STATES DISTRICT COURT JUDGE

Cc: Counsel of record

69508294;1