UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CASE NO. 23-60599CIV-SMITH**

VITAL PHARMACEUTICALS, INC., and
JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC,

        Plaintiffs,                          Bankr. Adv. Pro. No. 23-01031 (PDR)

v.

ORANGE BANG, INC., and MONSTER
ENERGY COMPANY,

        Defendants.

_____/

**REPLY IN SUPPORT OF EMERGENCY MOTION SEEKING
AN EXPEDITED DETERMINATION OF
DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**

        Vital Pharmaceuticals, Inc. and JHO Intellectual Property Holdings, LLC (collectively,

"Plaintiffs"), each a Debtor in the jointly administered chapter 11 cases styled *In re Vital

Pharmaceuticals, Inc., et.al.*, Case No. 22-17842-PDR (the "Chapter 11 Cases") submit this Reply

in support of their Emergency Motion[1] and respectfully state:

        Cutting through the bluster,[2] Defendants' Response makes essentially two arguments:

there is no emergency and, even if there is, it's Plaintiffs' fault.  Defendants are wrong on both

---

[1] "Emergency Motion" means *Plaintiffs' Emergency Motion Seeking an Expedited Determination of Defendant's Motion to Withdraw the Reference* [ECF No. 9].  Capitalized terms not defined herein have the meanings given in the Emergency Motion.

[2] Defendants' attempts to paint Plaintiffs as wrongdoers ring hollow:  indeed, Plaintiffs are seeking to give Defendants *exactly what they won in the arbitration* – a perpetual 5% fee for continued use of the Bang mark going forward.  It is Defendants who now seek something that the arbitrator did not award – the right to choose who pays them that fee.  Because Plaintiffs and Defendants both agree that the merits of that dispute are not before the Court on this Emergency Motion, however, Plaintiffs will not address them further here.

counts.  In fact, they are more than wrong: they are misstating facts to obscure the truth.

Defendants caused the emergency, for their own tactical gain.

 *First*, the emergency is real and is as described in the Motion.  While Defendants assert that passage of the stalking horse bid deadline on March 24 without a bid demonstrates that there is no emergency, Response at 4, that event *defines* the emergency.  Bidders were unwilling to move forward, even on a contingent basis, due to the litigation's overhang.  While Plaintiffs have been able to continue thus far without their lenders exercising remedies in respect of the default that occurred when March 24 passed without a stalking horse bid,[3] there is no agreement between the lenders and Plaintiffs as to any revised timetable.  The lenders are unable or unwilling to agree to extensions of the existing deadlines in the face of uncertainty about where the dispute at the center of this litigation is heading and when it may be resolved.  In the meantime, Plaintiffs will have access only to whatever previously-available funding the lenders elect to provide notwithstanding the default and, absent additional funding (*i.e.*, beyond the existing commitments contemplated by the DIP Facility) by late May, Plaintiffs will have no money left to fund their bankruptcy or continue to pursue a sale.  For reasons explained below, the only parties for whom that is *not* an emergency – and the only parties benefitting from delay – are Defendants.

 Similarly, the possibility of appeal underscores, rather than ameliorates, the emergency.  Defendants argue that expediting consideration of the Motion to Withdraw the Reference is futile because there still needs to be an adjudication on the merits of Plaintiffs' Summary Judgment Motion and, if Plaintiffs win, Defendants will just appeal, further delaying the clarity that

---

[3]  The debtor-in-possession financing approved by the Bankruptcy Court in January contained milestones with regard to Plaintiffs' sale process.  *See* Bankr. Main Case ECF No. 638 ¶ 46(e) (the "DIP Order").  The deadline for designation of a stalking horse bidder was extended by agreement until March 24, 2023.

Plaintiffs are seeking.  *See* Response at 4.  To begin with, it strains credulity to base the lack of an emergency on procedural hurdles that Defendants themselves promise to erect.  More importantly, Defendants' argument in fact *highlights* why speed is necessary here: once the Motion to Withdraw the Reference is decided, there is still more that needs to be done to lift the overhang of Defendants' claims on a final basis.  If by April 24 (the current bid deadline) or May 24 (DIP financing maturity date), Plaintiffs have at least gained certainty at the trial level, then bidders will have a much different risk assessment, as will Plaintiffs' lenders.  In that case, there is a realistic possibility of obtaining bids or of negotiating a modest extension of time and funding from the lenders.  If Plaintiffs' sale process has instead not moved, bidders will continue to be at a standstill and lenders may demand a liquidation.  The emergency is real and immediate.

   *Second*, Defendants caused this emergency by fomenting delay at every turn.  Defendants complain that Plaintiffs delayed in filing the Adversary Complaint in the Bankruptcy Court.  *See* Response at 2.  But the Bankruptcy Court, which has been overseeing these Chapter 11 proceedings since October 2022, considered and rejected this argument.  As the Bankruptcy Court ruled, any delay by Plaintiffs in filing the Adversary Proceeding was the result of misleading representations made *by Defendants in court*:

> Monster and Orange Bang's counsel stated at the hearing that they have every interest in maximizing the recovery of the estate from the sale, given they are the estate's largest unsecured creditors.  So it is no surprise that the debtors may not have understood Monster and Orange would have asserted the use of the Bang mark was not assignable without their consent.[4]

When Defendants changed their tune and began to obstruct the sale process, Plaintiffs promptly

---

[4]  Mar. 23, 2023 Hearing Tr. 11:17-12:3 (Bankr. Adv. Pro. ECF No. 49) (attached to Emergency Motion as Exhibit 4).

filed the Adversary Complaint.

*Defendants* at all times thereafter sought delay.  At the same time that Plaintiffs filed the Adversary Complaint, they filed the Summary Judgment Motion, hoping to bring the matter to a prompt resolution.  In response, Defendants demanded delay, insisting that they needed no less than thirty days (and fifty pages) to respond to the motion.  Ultimately, Plaintiffs accepted a five-business-day reply window in order to hold a workable hearing date.[5]  Thereafter, rather than seeking to move forward, Defendants used their extended schedule to file their Motion to Withdraw the Reference and to request first that the Bankruptcy Court and then this Court stay the Adversary Proceeding and adjourn the very schedule that Defendants had agreed to.  Finally, on March 28 – the eve of the summary judgment hearing (and just before this Court issued its stay) – Defendants had agreed that there should be *no stay* as part of a larger agreement to adjourn the dispute for one week to pursue settlement negotiations.  All parties agreed the summary judgment hearing should stay on the Bankruptcy Court's calendar.  When this Court issued its stay the morning of March 29, Defendants promptly abandoned their agreement and now, despite repeated requests from Plaintiffs that they honor their deal, seek to maintain the stay for as long as possible.  *See* **Exhibit 1**.  It is Defendants – not Plaintiffs – who have exploited delay.

Why?  Because an emergency for others is an opportunity for Defendants.  By preventing adjudication of Plaintiffs' Summary Judgment Motion on the merits, Defendants get the same benefits as they would from defeating the Summary Judgment Motion outright – they force potential buyers of the Plaintiffs' business to negotiate with Defendants on the terms of a go-

---

[5] *See Order Setting Briefing Schedule and Oral Argument on Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law* ¶ 2 (Bankr. Adv. Pro. ECF No. 14).

forward license, essentially manufacturing for themselves the consent right that they wrongfully claim to have.[6]  Finally, unlike Plaintiffs' other creditors, who benefit only from a reorganization, Defendants (particularly Monster) may also benefit from forcing a competitor out of business – they have less incentive to negotiate for a reasonable resolution because, whether the sale succeeds or fails, they benefit.

The emergency is real, and Defendants know it, because they caused it.  Plaintiffs respectfully submit that this Court should not countenance Defendants' tactics and should resolve the Motion to Withdraw the Reference on the papers and at its earliest convenience for the good of all of Plaintiffs' other creditors.


[Remainder of page intentionally blank]

---

[6]  Plaintiffs, as fiduciaries to their creditors, have agreed to a process to facilitate those negotiations directly between Defendants and potential bidders, but it is disingenuous for Defendants to suggest that this somehow obviates the need for prompt resolution of the Summary Judgment Motion.

Dated:   April 13, 2023
         Miami, Florida

George A. Davis (admitted *pro hac vice*)
Hugh K. Murtagh (admitted *pro hac vice*)
Tianjiao ("TJ") Li (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Jonathan J. Weichselbaum (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  george.davis@lw.com
        Hugh.murtagh@lw.com
        tj.li@lw.com
        brian.rosen@lw.com
        jon.weichselbaum@lw.com

– and –

Andrew D. Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Telephone:  (202) 637-2200
Email:  andrew.sorkin@lw.com

– and –

Whit Morley (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700
Email:  whit.morley@lw.com

Respectfully submitted,

*/s/ Jordi Guso*
Jordi Guso
Florida Bar No. 0863580
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Email:  jguso@bergersingerman.com

*Co-Counsel for the Plaintiffs*

# **<u>EXHIBIT 1</u>**

| | |
|---|---|
| **From:** | Murtagh, Hugh (NY) |
| **Sent:** | Friday, March 31, 2023 7:11 PM |
| **To:** | Richard Pachulski |
| **Cc:** | Ira Kharasch; Thomas Patterson; Sorkin, Andrew (DC); stevegruendel@mvalaw.com; homer.parkhill@rothschildandco.com; alibeu@hueston.com; EChafetz@lowenstein.com; john.damico@millerbuckfire.com; james.doak@millerbuckfire.com; Jeffrey Cohen |
| **Subject:** | RE: MTWR stay |

Rich,

Thanks for the response, but you can't change your bet after you see the draw.

Regarding the actual timing, the order was docketed on 3/29, and none of us has any idea if or when on 3/28 the judge actually signed the order. Maybe it was signed at 11:59:59 p.m. We'll never know.

More importantly, the timing is irrelevant. We bargained on the basis of what we knew at the time. We agreed to find a way to prevent the District Court from acting on the stay so that the adversary proceeding would remain in front of the Bankruptcy Court. The change in circumstances requires a change in approach to get that result, not a renegotiation based on later events removing uncertainty that was the basis for the bargain.

If you do not intend to move forward to accomplish what we had agreed, we will consider our options and act as we see appropriate.

Hugh Murtagh

LATHAM & WATKINS LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1648 | C: +1 646.637.8095


-----Original Message-----
From: Richard Pachulski <rpachulski@pszjlaw.com>
Sent: Friday, March 31, 2023 7:25 PM
To: Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>
Cc: Ira Kharasch <ikharasch@pszjlaw.com>; Thomas Patterson <tpatterson@ktbslaw.com>; Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>; stevegruendel@mvalaw.com; homer.parkhill@rothschildandco.com; alibeu@hueston.com; EChafetz@lowenstein.com; john.damico@millerbuckfire.com; james.doak@millerbuckfire.com; Jeffrey Cohen <jcohen@lowenstein.com>
Subject: Re: MTWR stay

Hugh, I was meaning to get you a response earlier today, but between travel and working on the settlement offer I did not have a chance to earlier respond. To begin with, we are very focused on settlement negotiations first and foremost. That said, our inclination is if we do not settle to ask for a status conference before the District Court to discuss next steps.

What makes this more complicated is the Judge's order appears to be signed on March 28th, before our negotiations, which ended past 10:00 pm Eastern, and was entered on the docket on March 29th. We believe the matter was moot

before the negotiations ended, if not before they began. That is a major reason why we think if there is no settlement we should ask for an immediate status conference before the District Court to explain the circumstances of the situation. Hopefully we never get there. As to your concern about the Bankruptcy Court having jurisdiction regarding a settlement, we can just request the removal of the stay and entry of an appropriate order with the District Court so the Bankruptcy Court can approve of any settlement.

Regards,

Richard

Sent from my iPhone

> On Mar 31, 2023, at 5:43 PM, Hugh.Murtagh@lw.com wrote:

> Following up on this.

  Hugh Murtagh

> LATHAM & WATKINS LLP
> 1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1648 | C: +1 646.637.8095


  -----Original Message-----
> From: Murtagh, Hugh (NY)
Sent: Friday, March 31, 2023 10:04 AM
To: 'Richard Pachulski' <rpachulski@pszjlaw.com>; Ira Kharasch <ikharasch@pszjlaw.com>; Thomas Patterson <tpatterson@ktbslaw.com>
Cc: Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com>; stevegruendel@mvalaw.com;
homer.parkhill@rothschildandco.com; alibeu@hueston.com; Chafetz, Eric <EChafetz@lowenstein.com>; John J.
D'Amico (john.damico@millerbuckfire.com) <john.damico@millerbuckfire.com>; James Doak
(james.doak@millerbuckfire.com) <james.doak@millerbuckfire.com>; Jeffrey Cohen <jcohen@lowenstein.com>
Subject: MTWR stay

> Rich, Ira, Tom,

  We would like to work with you on a joint motion/request to the District Court to lift the stay to return the adversary proceeding to the Bankruptcy Court to help effect resolution. We had agreed last Tuesday that a component of our path forward was preventing the District Court from staying the proceeding; given the issuance of the stay, the best remedy consistent with our agreement is to seek to have the stay lifted. This was our bargain and, moreover, is necessary to actually reaching a settlement that we can document through the Bankruptcy Court.

  Happy to draft something for you to review, but let us know if we should discuss first.

  Thanks,
> Hugh

  Hugh Murtagh

> LATHAM & WATKINS LLP
> 1271 Avenue of the Americas | New York, NY 10020

> D: +1.212.906.1648 | C: +1 646.637.8095
>
>
> -----Original Message-----
> From: Richard Pachulski <rpachulski@pszjlaw.com>
> Sent: Thursday, March 30, 2023 5:14 PM
> To: Jeffrey Cohen <jcohen@lowenstein.com>
> Cc: Ira Kharasch <ikharasch@pszjlaw.com>; Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com>; Sorkin, Andrew (DC)
> <Andrew.Sorkin@lw.com>; stevegruendel@mvalaw.com; homer.parkhill@rothschildandco.com; Thomas Patterson
> <tpatterson@ktbslaw.com>; alibeu@hueston.com; Chafetz, Eric <EChafetz@lowenstein.com>; John J. D'Amico
> (john.damico@millerbuckfire.com) <john.damico@millerbuckfire.com>; James Doak (james.doak@millerbuckfire.com)
> <james.doak@millerbuckfire.com>
> Subject: Re: DQ list and confidentiality
>
> Thanks.
>
> Sent from my iPhone
>
> On Mar 30, 2023, at 5:13 PM, Cohen, Jeffrey <JCohen@lowenstein.com> wrote:
>
>
> Ok, Rich. We'll look for your comments and then schedule thereafter.
>
>
>
> Jeffrey Cohen
>
>
>
>
>
> Partner
>
> Chair, Bankruptcy & Restructuring Department
>
> Lowenstein Sandler LLP
>
>
>
>
>
>
> T: (212) 419-5868<tel:(212)%20419-5868>
>
>
> M: (646) 483-5499<tel:(646)%20483-5499>
>
>
>
>
>
> <https://www.lowenstein.com/umbraco/Surface/VcfDownload/Download?email=jcohen>

> <image271351.jpg>
>
>
> <https://www.lowenstein.com/people/attorneys/jeffrey-cohen>
> <image350844.jpg>
>
>
> <https://www.linkedin.com/in/jeffreycohenlowenstein>
> <image974607.jpg>
>
>
> <https://twitter.com/@JeffCohenCh11>
> <image665647.jpg>
>
>
>
>
> <image014883.png>
>
>
>
>
> On Mar 30, 2023, at 2:53 PM, Richard Pachulski <rpachulski@pszjlaw.com> wrote:
>
> Jeff, we have worked through the day to get joint Orange Bang/Monster comments. Unfortunately with travel, yesterday was pretty much a lost day. Our goal is to have comprehensive comments to the group by tomorrow morning. We can then set up a call.
>
> Sent from my iPhone
>
> On Mar 30, 2023, at 8:22 AM, Cohen, Jeffrey <JCohen@lowenstein.com> wrote:
>
>
> +Miller Buckfire.
>
> Following up on the below. I'd like to put a meeting on the calendar to avoid losing momentum. When can Monster/OBI share comments to the Debtors' last proposal, assuming you have comments?
>
>
>
> Jeffrey Cohen
>
>
>
>
> Partner
>
> Chair, Bankruptcy & Restructuring Department
>
> Lowenstein Sandler LLP

4

>
>
>
>
>
>
> T: (212) 419-5868<tel:(212)%20419-5868>
>
>
> M: (646) 483-5499<tel:(646)%20483-5499>
>
>
>
>
>
> <https://www.lowenstein.com/umbraco/Surface/VcfDownload/Download?email=jcohen>
> <image533781.jpg>
>
>
> <https://www.lowenstein.com/people/attorneys/jeffrey-cohen>
> <image631785.jpg>
>
>
> <https://www.linkedin.com/in/jeffreycohenlowenstein/<https://www.linkedin.com/in/jeffreycohenlowenstein>>
> <image301735.jpg>
>
>
> <https://twitter.com/@JeffCohenCh11>
> <image594312.jpg>
>
>
>
>
> <image818545.png>
>
>
>
>
> From: Richard Pachulski <rpachulski@pszjlaw.com>
> Sent: Wednesday, March 29, 2023 10:13 AM
> To: Cohen, Jeffrey <JCohen@lowenstein.com>
> Cc: Ira Kharasch <ikharasch@pszjlaw.com>; Hugh.Murtagh@lw.com; andrew.sorkin@lw.com; stevegruendel@mvalaw.com; homer.parkhill@rothschildandco.com; Thomas Patterson <tpatterson@ktbslaw.com>; alibeu@hueston.com; Chafetz, Eric <EChafetz@lowenstein.com>
> Subject: Re: DQ list and confidentiality
>
> Let me speak to our client, but that is a fair request.
>
> Sent from my iPhone
>
> On Mar 29, 2023, at 7:05 AM, Cohen, Jeffrey <JCohen@lowenstein.com> wrote:

>
>
> Ok, Rich. Safe flight. I think it would be beneficial to the process for your side to send any counter in writing ahead of assembling the group tomorrow. This way the Debtors can assess and be prepared to discuss further. I imagine that shouldn't be a problem, but please confirm. Thanks.
>
>
> Jeffrey Cohen
>
>
>
>
>
> Partner
>
> Chair, Bankruptcy & Restructuring Department
>
> Lowenstein Sandler LLP
>
>
>
>
>
>
> T: (212) 419-5868<tel:(212)%20419-5868>
>
>
> M: (646) 483-5499<tel:(646)%20483-5499>
>
>
>
>
>
> <https://www.lowenstein.com/umbraco/Surface/VcfDownload/Download?email=jcohen>
> <image250658.jpg>
>
>
> <https://www.lowenstein.com/people/attorneys/jeffrey-cohen>
> <image863298.jpg>
>
>
> <https://www.linkedin.com/in/jeffreycohenlowenstein/<https://www.linkedin.com/in/jeffreycohenlowenstein>>
> <image632503.jpg>
>
>
> <https://twitter.com/@JeffCohenCh11>
> <image780936.jpg>
>
>
>
>
>

> <image130578.png>

>

>

>

>

> On Mar 29, 2023, at 10:02 AM, Richard Pachulski <rpachulski@pszjlaw.com> wrote:

>

> Jeff, I will be racing to the airport for a flight to Atlanta as soon as this hearing ends (hopefully the hearing is less than an hour.) I am available by e-mail on the plane and available pretty much all day tomorrow. I think we should get full authority today, and take as much time as needed tomorrow to get this done if that works for everyone. My only times tomorrow that will be hard are 12:30 pm - 1:30 pm Eastern and after 6:00 pm Eastern for much of the evening. Not sure of others availability.

>

> Sent from my iPhone

>

> On Mar 29, 2023, at 6:56 AM, Cohen, Jeffrey <JCohen@lowenstein.com> wrote:

>

>

> After we get through this morning's hearing, we should put a ZOOM meeting on the calendar and take advantage of the momentum created last night. Please let me know when would be a good time for the parties to get together.

>

>

> Jeffrey Cohen

>

>

>

>

>

> Partner

>

> Chair, Bankruptcy & Restructuring Department

>

> Lowenstein Sandler LLP

>

>

>

>

>

>

> T: (212) 419-5868<tel:(212)%20419-5868>

>

>

> M: (646) 483-5499<tel:(646)%20483-5499>

>

>

>

>

>

> <https://www.lowenstein.com/umbraco/Surface/VcfDownload/Download?email=jcohen>

> <image004629.jpg>

>

>

> <https://www.lowenstein.com/people/attorneys/jeffrey-cohen>
> <image393775.jpg>
>
>
> <https://www.linkedin.com/in/jeffreycohenlowenstein/<https://www.linkedin.com/in/jeffreycohenlowenstein>>
> <image328193.jpg>
>
>
> <https://twitter.com/@JeffCohenCh11>
> <image219732.jpg>
>
>
>
>
>
> <image114888.png>
>
>
>
>
> From: Ira Kharasch <ikharasch@pszjlaw.com>
> Sent: Wednesday, March 29, 2023 8:49 AM
> To: Hugh.Murtagh@lw.com
> Cc: Andrew.Sorkin@lw.com; Richard Pachulski <rpachulski@pszjlaw.com>; Cohen, Jeffrey <JCohen@lowenstein.com>; stevegruendel@mvalaw.com; homer.parkhill@rothschildandco.com; Thomas Patterson <tpatterson@ktbslaw.com>; alibeu@hueston.com
> Subject: Re: DQ list and confidentiality
>
> For now, our process is getting a deal done, which, given how far folks got last night, we think is doable maybe even as early as tomorrow if we are all available to do this tomorrow along with our clients, and we can even start today on keeping the ball rolling.
>
> Sent from my iPad
>
> On Mar 29, 2023, at 8:29 AM, Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com> wrote:
>
>
> But we can't have the District Court sitting on on the MTWR and maintaining the stay in the Bankruptcy Court, because then nothing can move. Don't we need to ask the District Court to lift the stay so our process can play out?
>
> If not, I assume the District Court rules very quickly, which could be bad for everyone.
>
>
> Hugh Murtagh
>
>
>
> LATHAM & WATKINS LLP
>
> 1271 Avenue of the Americas | New York, NY 10020
>
> D: +1.212.906.1648 | C: +1.646.637.8095

>

>

> From: Ira Kharasch
<ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com%3cmailto:ikharasch@pszjlaw.com>>>

> Date: Wednesday, Mar 29, 2023 at 8:25 AM

> To: Sorkin, Andrew (DC)
<Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw.com>>>

> Cc: Richard Pachulski
<rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com%3cmailto:rpachulski@pszjlaw.com>>>, Murtagh, Hugh (NY)
<Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com%3cmailto:Hugh.Murtagh@lw.com>>>, Jeffrey Cohen
<jcohen@lowenstein.com<mailto:jcohen@lowenstein.com<mailto:jcohen@lowenstein.com%3cmailto:jcohen@lowenstein.com>>>, stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com>
<stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com%3cmailto:stevegruendel@mvalaw.com>>>, homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com>
<homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com%3cmailto:homer.parkhill@rothschildandco.com>>>, Thomas Patterson
<tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com%3cmailto:tpatterson@ktbslaw.com>>>, alibeu@hueston.com<mailto:alibeu@hueston.com>
<alibeu@hueston.com<mailto:alibeu@hueston.com<mailto:alibeu@hueston.com%3cmailto:alibeu@hueston.com>>>

> Subject: Re: DQ list and confidentiality

>

> We certainly intend to abide by our agreement to continue to negotiate a deal in the next few days or week to get this settled, but we need to talk to our clients about what to do in light of the District Court Stay order with respect to going forward with any hearing next week if there is no settlement.

>

> I would think we need to let the District Court know today we are in settlement negotiations and that such court should pause on making any ruling or setting a hearing on the withdrawal motion until we get back to the District Court on or after April 7.

>

> I also think we ask Judge Russin this morning to set a holding date on April 6-7.

>

>

>

>

> Sent from my iPad

>

> On Mar 29, 2023, at 8:04 AM, Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com> wrote:

>

>

> I assume despite the District Court going ahead and entering the stay order this morning, Monster and OBI intend to abide by the resolution reached last night and take appropriate measures to permit the hearing in the Bankruptcy Court to go forward next week. Please let us know if that is not the case.

>

> Andrew Sorkin

>

> LATHAM & WATKINS LLP

> 555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304

> D: +1.202.637.3302

9

>
> From: Sorkin, Andrew (DC) <Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com>>
> Sent: Tuesday, March 28, 2023 11:28 PM
> To: Richard Pachulski <rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com>>
> Cc: Murtagh, Hugh (NY) <Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com>>; Jeffrey Cohen
<jcohen@lowenstein.com<mailto:jcohen@lowenstein.com>>;
stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com>>;
homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com>>; Ira Kharasch
<ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com>>; Thomas Patterson
<tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com>>; alibeu@hueston.com<mailto:alibeu@hueston.com>
> Subject: RE: DQ list and confidentiality
>
> Yes.
>
> Andrew Sorkin
>
> Latham & Watkins LLP
> 555 Eleventh Street
> Suite 1000
> Washington, D.C. 20004-1304
> Direct Dial: +1.202.637.3302
> Fax: +1.202.637.2201
> Email:
Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw.
com>>
> http://www.lw.com<http://www.lw.com><http://www.lw.com<http://www.lw.com>
>
> From: Richard Pachulski
<rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com%3cmailto:rpachulski@pszjla
w.com>>>
> Date: Tuesday, Mar 28, 2023 at 11:21 PM
> To: Sorkin, Andrew (DC)
<Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw
.com>>>
> Cc: Murtagh, Hugh (NY)
<Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com%3cmailto:Hugh.Murtagh@lw
.com>>>, Jeffrey Cohen
<jcohen@lowenstein.com<mailto:jcohen@lowenstein.com<mailto:jcohen@lowenstein.com%3cmailto:jcohen@lowenst
ein.com>>>,
stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com%3cmailto:steve
gruendel@mvalaw.com>>
<stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com%3cmailto:stev
egruendel@mvalaw.com>>>,
homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschilda
ndco.com%3cmailto:homer.parkhill@rothschildandco.com>>
<homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschild
andco.com%3cmailto:homer.parkhill@rothschildandco.com>>>, Ira Kharasch
<ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com%3cmailto:ikharasch@pszjlaw.
com>>>, Thomas Patterson
<tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com%3cmailto:tpatterson@kt
bslaw.com>>>,

alibeu@hueston.com<mailto:alibeu@hueston.com<mailto:alibeu@hueston.com%3cmailto:alibeu@hueston.com>>
<alibeu@hueston.com<mailto:alibeu@hueston.com<mailto:alibeu@hueston.com%3cmailto:alibeu@hueston.com>>>

> Subject: Re: DQ list and confidentiality

>

> Thanks Andy. Can we extend the March 31 objection deadline relating to the sale to April 7? I think it is best we do not file our objection at this time.

>

> Regards,

>

> Richard

>

> Sent from my iPhone

>

> On Mar 28, 2023, at 7:58 PM,
andrew.sorkin@lw.com<mailto:andrew.sorkin@lw.com<mailto:andrew.sorkin@lw.com%3cmailto:andrew.sorkin@lw.com>> wrote:

>

>

> Understood. To confirm, VPX will agree to the requested adjournment to 4/6-7 as discussed.

>

> Andrew Sorkin

>

> Latham & Watkins LLP

> 555 Eleventh Street

> Suite 1000

> Washington, D.C. 20004-1304

> Direct Dial: +1.202.637.3302

> Fax: +1.202.637.2201

> Email:
Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw.com>>

>

> http://www.lw.com<http://www.lw.com><http://www.lw.com><http://www.lw.com<http://www.lw.com<http://www.lw.com>>>

>

>

> From: Richard Pachulski
<rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com%3cmailto:rpachulski@pszjlaw.com<mailto:rpachulski@pszjlaw.com%3cmailto:rpachulski@pszjlaw.com%3cmailto:rpachulski@pszjlaw.com>>>>

> Date: Tuesday, Mar 28, 2023 at 10:40 PM

> To: Sorkin, Andrew (DC)
<Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw.com<mailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw.com%3cmailto:Andrew.Sorkin@lw.com>>>>, Murtagh, Hugh (NY)
<Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com%3cmailto:Hugh.Murtagh@lw.com<mailto:Hugh.Murtagh@lw.com%3cmailto:Hugh.Murtagh@lw.com%3cmailto:Hugh.Murtagh@lw.com>>>>, Jeffrey Cohen
<jcohen@lowenstein.com<mailto:jcohen@lowenstein.com<mailto:jcohen@lowenstein.com%3cmailto:jcohen@lowenstein.com<mailto:jcohen@lowenstein.com%3cmailto:jcohen@lowenstein.com%3cmailto:jcohen@lowenstein.com>>>>, Steve Gruendel
<stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com%3cmailto:stev

egruendel@mvalaw.com<mailto:stevegruendel@mvalaw.com%3cmailto:stevegruendel@mvalaw.com%3cmailto:steveg
ruendel@mvalaw.com%3cmailto:stevegruendel@mvalaw.com>>>,
homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschilda
ndco.com%3cmailto:homer.parkhill@rothschildandco.com>>
<homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschild
andco.com%3cmailto:homer.parkhill@rothschildandco.com<mailto:homer.parkhill@rothschildandco.com%3cmailto:ho
mer.parkhill@rothschildandco.com%3cmailto:homer.parkhill@rothschildandco.com%3cmailto:homer.parkhill@rothschi
ldandco.com>>>>
> Cc: Ira Kharasch
<ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com<mailto:ikharasch@pszjlaw.com%3cmailto:ikharasch@pszjlaw.
com<mailto:ikharasch@pszjlaw.com%3cmailto:ikharasch@pszjlaw.com%3cmailto:ikharasch@pszjlaw.com%3cmailto:ikh
arasch@pszjlaw.com>>>>, Thomas Patterson
<tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com<mailto:tpatterson@ktbslaw.com%3cmailto:tpatterson@kt
bslaw.com<mailto:tpatterson@ktbslaw.com%3cmailto:tpatterson@ktbslaw.com%3cmailto:tpatterson@ktbslaw.com%3
cmailto:tpatterson@ktbslaw.com>>>>, Allison L. Libeu
<alibeu@hueston.com<mailto:alibeu@hueston.com<mailto:alibeu@hueston.com%3cmailto:alibeu@hueston.com<mail
to:alibeu@hueston.com%3cmailto:alibeu@hueston.com%3cmailto:alibeu@hueston.com%3cmailto:alibeu@hueston.co
m>>>>
> Subject: DQ list and confidentiality
>
> This is to confirm that until a formal NDA is in place the DQ list is for Professional Eyes Only, including the 5 of you and
those professionals associated with the 5 of you who agree to be bound to confidentiality until the formal NDA is in
place.
>
> Regards,
>
> Richard
>
> Sent from my iPhone
>
>
> _____
>
> This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the
intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is
strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any
attachments.
>
> Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks
in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal
information contained or referred to within this electronic communication will be processed in accordance with the
firm's privacy notices and Global Privacy Standards available at
http://www.lw.com<http://www.lw.com><http://www.lw.com><http://www.lw.com><http://www.lw.com><http://w
ww.lw.com><http://www.lw.com><http://www.lw.com<http://www.lw.com<http://www.lw.com>>>.
>
> _____
>
> This message contains confidential information, intended only for the person(s) named above, which may also be
privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should
delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer
does not consent to Internet e-mail for messages of this kind.
>